IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:98CR230

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| ) | |
| ABBEY JOHNSON ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's letter-motion for expungement of her criminal record, filed October 18, 2007.

In 1999, Defendant pled guilty to conspiracy to possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 846. **Judgment in a Criminal Case, filed July 7, 1999, at 1.** She received a sentence of 30 months imprisonment, to be followed by three years of supervised release, including mandatory drug testing. *Id.* **at 2-3.**

In the years following the conclusion of her prison sentence, Defendant admitted to violating several conditions of her supervised release, including drug/alcohol use, failure to comply with drug testing/treatment requirements, and a new law violation. **Judgment in a**

**Criminal Case, filed February 10, 2003, at 1.** As a result, the undersigned sentenced her to an additional 12 months imprisonment for violation of these conditions. *Id.* **at 2.**

Defendant now requests the expungement of her criminal record, stating, in part: "Due to the fact that I was 17 years old when I associated with a group of much older individuals involved with criminal activities, coupled [with] the fact that the authorities waited until I was of legal age to charge me in the above matter, I respectfully request that this record be expunged." **Motion,** *supra***, at 1.** Defendant also states, "I am a productive member of society and I feel that the unfortunate choices I made at a time in my life when I was a teenager, will hurt my chances for future opportunities." *Id.*

Expungement is "a relief confined to 'exceptional circumstances.'" *Allen v. Webster*, **742 F.2d 153, 155 (4th Cir. 1984) (quoting** *United States v. Schnitzer***, 567 F.2d 536, 539 (2d Cir. 1977)).** The Court has jurisdiction over petitions for expungement only "in narrow circumstances: where the validity of the underlying criminal proceeding is challenged." *United States v. Rowlands***, 451 F.3d 173, 177 (3d Cir.),** *cert. denied***, 127 S. Ct. 598 (2006);** *United States v. Friesen***, 853 F.2d 816, 818 (10th**

**Cir. 1988) (stating that only "unusually compelling circumstances . . . justify the exercise of a trial court's 'narrow' power to order expunction").** Ordinarily, expungement is reserved for such extreme circumstances as "'where procedures of mass arrests rendered judicial determination of probable cause impossible; where the court determined the sole purpose of the arrests was to harass civil rights workers; where the police misused the police records to the detriment of the defendant; or where the arrest was proper but was based on a statute later declared unconstitutional.'" *Allen, supra* **(citing** *Schnitzer, supra* **at 539-40) (internal citations omitted).**

In this case, Defendant has failed to show that her convictions were the product of any such extreme or exceptional circumstances. Nor does she in any way challenge the validity of the criminal proceedings underlying her convictions. Accordingly, the Court has no jurisdiction to expunge her record, and her motion must be denied.

**IT IS, THEREFORE, ORDERED** that Defendant's motion for expungement of her criminal record is hereby **DENIED**.

4

Signed: October 30, 2007

Lacy H. Thornburg
United States District Judge